I must respectfully dissent.
The majority correctly states that one who transfers or utters a forged document, need not have created the forged document. Thus, the question as to whether or not the verdicts are inconsistent is not the central issue of the case sub judice.
A review of the statutes and cases does make one fact clear, the statutory scheme devised by the Ohio Legislature requires that in order to commit the offense of uttering, a forged document must be issued, published, transferred, used, or put or sent into circulation, delivered or displayed. In the present case, the jury acquitted the appellant of any forgery related to the check in question. There is no evidence that anyone wrote on the check save for the appellant and Mr. Lewis, the owner of the account. The State, therefore, has failed to prove that the check was forged. If the document was not forged, there can, by definition, be no uttering of a forged document. Thus, while the appellant's acts were reprehensible, the appellant's first assignment of error should be well taken.
 _______________________ MICHAEL J. CORRIGAN, J.